# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FLORANA RODRIGUEZ,

    Plaintiff,

v.                                         Case No: 8:15-cv-2601-T-30TBM

DFS SERVICES, LLC,

    Defendant.

_____

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Stay (Dkt. 8), Plaintiff's Response (Dkt. 9), and Defendant's Reply (Dkt. 12). Defendant's Motion seeks a stay while two cases potentially impacting this one await resolution by the Supreme Court of the United States and the United States Court of Appeals for the District of Columbia Circuit, respectively.[1] Because the Supreme Court's upcoming decision in *Spokeo, Inc. v. Robins* may have a significant effect on the issues raised in this case, the Court concludes that the motion should be granted.

## **FACTUAL BACKGROUND**

According to Plaintiff Rodriguez's complaint, she incurred a debt with Defendant DFS Services, LLC (Discover), and soon thereafter, Discover began calling her cellphone in an effort to collect that debt. (Dkt. 1, p. 3). Rodriguez alleges that, on one of these calls,

---

[1] The cases are *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), and *ACA International, et al. v. FCC & USA*, Case No. 15-1211, 2015 WL 5968116 (D.C. Cir. 2015).

she told a Discover representative that she was unable to repay the debt and, more relevant to this lawsuit, that she wanted Discover to stop calling her cellphone. Still, Rodriguez further alleges, Discover continued to call daily and made at least 300 calls to her cell phone using an automated telephone dialing system.

Rodriguez filed this action alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55-559.785. (Dkt. 1). The complaint, which Discover answered, seeks statutory and actual damages. (Dkt. 7).

## DISCUSSION

Now Discover asks the Court to stay the proceedings while two cases on appeal await resolution. The first is *Spokeo, Inc.*, *v. Robins*, in which the Supreme Court will address the following question: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." 135 S. Ct. 1892 (2015). The second case is *ACA International, et al. v. FCC & USA*, which is a consolidated case before the Court of Appeals for the District of Columbia Circuit. Case No. 15-1211, 2015 WL 5968116 (D.C. Cir. 2015). There, the D.C. Circuit will review, per the Hobbs Act, 28 U.S.C. § 2342, challenges to a July 2015 order issued by the Federal Communications Commission that interprets several parts of the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (FCC Order), 30 FCC Rcd. 7961. Among the

FCC Order's interpretations, and a relevant one here, is the manner by which a consumer may revoke consent to be called. *Id.* at 7966.

Discover's motion argues that the dispositions in each case will have a significant impact on dispositive legal questions in this case and, in the case of *Spokeo*, may even divest the Court of jurisdiction. Accordingly, Discover argues, a stay is warranted. Rodriguez opposes a stay and disagrees with Discover's characterization of the cases' impact on this one. For the reasons discussed below, only *Spokeo* warrants a stay, and the Court will grant a brief one pending the resolution of that case.

**I.     Legal Standard**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (2007). Orders granting or denying stay requests are reviewed under an abuse of discretion standard. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citations omitted). Stays, however, may not be of an indefinite duration. *Id.*

Temporary stays, in appropriate circumstances, can promote judicial economy, reduce confusion and prejudice, and prevent inconsistent outcomes in related cases. *See Amer. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). To serve these interests, courts may "stay a case pending the resolution of related proceedings in another forum." *Ortega v. Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). According to Eleventh Circuit guidance, a stay is especially warranted "to await a federal appellate decision that is likely to have a

3

substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. South Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

## II.    Spokeo, Inc. v. Robins

The Supreme Court in *Spokeo* will address whether Congress may constitutionally confer standing on a plaintiff who, though a "victim" of a statutory violation, suffers no actual harm. Stated differently, the Court will decide whether a statutory violation alone causes an "injury in fact," a requirement for standing and therefore a district court's subject-matter jurisdiction. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). In that case, the plaintiff sued the operators of a website under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x, for publishing false information about him on the website. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 410 (9th Cir. 2014). Though the FCRA, like the TCPA, which is at issue here, authorizes a private right of action for statutory violations, the plaintiff's "allegations of injury were sparse." *Id.* Spokeo, the website operator, moved to dismiss the case for lack of subject-matter jurisdiction on the grounds that the plaintiff had not suffered an injury in fact." *Id.* The district court granted the motion on those grounds, the Ninth Circuit Court of Appeals reversed, and now the issue is before the Supreme Court.

Here, the allegations of injury are likewise sparse, if present at all, even though Rodriguez's complaint does seek actual damages. *Compate* Dkt. 1, p. 2; *with* Fed. R. Civ. Proc. 8(a)(2). And although Discover answered without challenging Rodriguez's complaint, *see* Fed. R. Civ. Proc. 12(b) (requiring that motions to dismiss for failure to

state a claim be filed before the answer), a Supreme Court reversal in *Spokeo* will require Rodriguez to establish that she suffered actual damages for the Court to exercise jurisdiction over the case. Even if she could succeed on this point, a *Spokeo* reversal will nonetheless have a significant impact on her entitlement to damages. These possible effects on the case, the Court finds, are substantial. *See Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198 (11th Cir. 2009).

The Supreme Court heard oral argument in *Spokeo* on November 2, 2015. Accordingly, a stay until the Court issues its opinion will be of a definite duration. The opinion will provide clarity on questions of this Court's jurisdiction over Rodriguez's TCPA claim and the scope of damages available to her. A short stay to await this clarity is in the interest of judicial economy, and the Court will grant a temporary stay on these grounds.

### III.   ACA International et al. v. FCC & USA

The appeal before the D.C. Circuit, however, does not warrant a stay. There, the court will review the FCC Order, which supplies a definition of "automatic telephone dialing system" and instructs that consumers may revoke consent to be called by "any reasonable method" that "clearly expresses a desire not to receive further messages." 30 FCC Rcd. at 7966. Discover correctly notes that the FCC Order has "the force of law" and abrogates prior FCC Orders and case law on point. *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014).

The motion fails to note, however, that the FCC Order's purpose was to "[s]trengthen the core protections of the TCPA" and that, accordingly, the Order expanded

5

the definition of "automatic telephone dialing system" and the interpretation of what constitutes revocation of consent. *Compare* 30 FCC Rcd. 7961; *with* 27 FCC Rcd. 1830. As to revocation, the new order makes clear: "Consumers have a right to revoke consent, using any reasonable method including orally or in writing." 30 FCC Rcd. at 7966.

This right to revoke consent orally was, importantly, the law in the Eleventh Circuit under a previous FCC Order. *See* 27 FCC Rcd. 1830; *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014) (concluding that plaintiff was "free to orally revoke consent previously given to [Defendant] . . . in connection with [Plaintiff's] credit-card debt"). The challenges before the D.C. Circuit will therefore have no effect on the viability of Rodriguez's lawsuit as pled in her complaint. Per the Hobbs Act, 28 U.S.C. § 2342, the D.C. Circuit will have the power, should it decide to do so on the merits, "to enjoin, set aside, suspend (in whole or in part), or [] determine the validity of . . . [the FCC Order]." If the FCC Order survives the challenge, Rodriguez's oral revocation will have had legal effect under the Order's "force of law." *Mais*, 768 F.3d at 1121. If the FCC Order does not survive, Rodriguez's oral revocation will have had the same legal effect, only under Eleventh Circuit precedent. *Osorio*, 746 F.3d at 1256. A stay under these conditions does not promote judicial economy.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant DFS Services, LLC's Motion for Stay (Dkt. 8) is GRANTED pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

2. The Clerk of the Court is directed to administratively CLOSE this case.

3. The parties are ORDERED to file a notice updating the Court within fourteen (14) days of the Supreme Court's decision in *Spokeo*. At that time, either party may file a motion to lift the stay and reopen this case, if appropriate.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of February, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record